UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GINA ROSE M.,

                  Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                  Defendant.

Case No. C20-832-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by finding her spine disorders did not meet a listing, and by rejecting four medical opinions, two lay witness statements, and Plaintiff's testimony. (Dkt. # 15.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.    BACKGROUND

Plaintiff was born in 1964, has a high school education, and has worked as a payroll clerk. AR at 444, 454, 385. Plaintiff was last gainfully employed in February 2017 as a nanny/babysitter. *Id.* at 372. Plaintiff alleges disability as of May 17, 2016. *Id.* at 428.

After conducting a hearing in January 2019, the ALJ issued a decision finding Plaintiff not disabled from the May 2016 alleged onset date through the April 2019 date of the decision. AR at 392-441, 369-86. In pertinent part, the ALJ found Plaintiff had severe impairments of cervical degenerative disc disease, residuals from fusion, obstructive sleep apnea, asthma, diabetes mellitus, and fibromyalgia. *Id.* at 372. Her impairments did not meet or medically equal a listed impairment. *Id.* at 375. She was limited to light work, fingering and handling frequently and avoiding hazards. *Id.* at 376. With this Residual Functional Capacity ("RFC"), Plaintiff could perform her past work as a payroll clerk. *Id.* at 385.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-3. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 6.)

## III.    LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.   DISCUSSION

### A.   The ALJ Erred in Assessing Listing 1.04A

Plaintiff contends the ALJ erred by finding her cervical[1] spine impairments did not satisfy the requirements of Listing 1.04A. The requirements include showing a spine disorder "resulting in compromise of a nerve root … [with e]vidence of nerve root compression characterized by … motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss…." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04A. The Commissioner contends Plaintiff failed to show nerve root compromise or compression, motor loss, and sensory or reflex loss.

#### 1.   Nerve Root Compromise/Compression

Plaintiff submitted medical records to the Appeals Council after the ALJ's decision. *See* AR at 12-365. The Appeals Council found the submitted evidence did "not show a reasonable probability that it would change the outcome of the decision." *Id.* at 2. The Commissioner argues

---

[1] While the ALJ wrote "lumbar," Plaintiff does not dispute that this was a scrivener's error. AR at 375.

the records were "not before the ALJ." (Dkt. # 22 at 3.) However, "when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012).

Plaintiff contends a December 2019 treatment note, stating the goal of planned surgery was "to take pressure off the nerve root," establishes "compromise of the nerve root." AR at 40; (Dkt. # 23 at 2). Neither party identifies evidence in the record or other authority establishing whether or not the doctor's description to his patient of "pressure" on a nerve root is identical to the regulatory requirement of "compromise" or "compression" of a nerve root. Both pressure and compression indicate force. *See* Oxford English Dictionary (3d ed., Mar. 2007), pressure (definitions include "Physical force; compression"). But pressure may suggest being subjected to force, while compression may suggest force that has resulted in decreased size. *See id.*, compression (definitions include "squeezing; forcing into a smaller compass"). The record before this Court does not reveal whether these words have the same medical and regulatory meaning in this context.

The Court cannot conclude, as a matter of law, that pressure on a nerve root is or is not the same as compression or compromise of a nerve root. It was the role of the ALJ or the Appeals Council to make this determination, developing the record if necessary. *See Treichler v. Comm'r. of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014) ("we leave it to the ALJ to … resolve conflicts in the testimony, and resolve ambiguities in the record"). Because the Appeals Council did not make this determination, there was no basis to conclude Plaintiff's submitted evidence did not deprive the ALJ's decision of substantial evidence.

1    Because Plaintiff provided evidence that the other elements for Listing 1.04A are met, the

2    error was harmful.

3              2.    *Motor Loss*

4         The regulations define motor loss parenthetically as "atrophy with associated muscle

5    weakness or muscle weakness." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04A. The Commissioner

6    argues Plaintiff only cites evidence of muscle weakness, not atrophy. (Dkt. # 22 at 4.) However,

7    as Plaintiff contends, the regulation is satisfied by showing muscle weakness. *See, e.g.*, AR at

8    1196 ("weakness in her hands").

9              3.    *Sensory Loss*

10        The Commissioner argues Plaintiff offers only evidence of "minimal" sensory loss within

11   a two-month period in 2017. (Dkt. # 22 at 4.) But to meet a listing "it is only necessary that the

12   symptom be present"; information about the "intensity, persistence, or limiting effects of the

13   symptom" need not be provided. 20 C.F.R. §§ 404.1529(d)(2), 416.929(d)(2). And the durational

14   requirement is met by evidence in 2019 continuing to show "[d]iminished light touch sensation."

15   AR at 42.

16        Because Plaintiff provided evidence addressing each element of Listing 1.04A, the

17   Commissioner's failure to address the evidence submitted to the Appeals Council regarding

18   nerve compromise/compression was harmful error. On remand, the ALJ should reassess his

19   findings regarding Listing 1.04A.

20   **B.    The ALJ Erred in Assessing Medical Opinion Evidence**

21        Because Plaintiff filed her claim after March 27, 2017, new regulations apply to the

22   ALJ's evaluation of medical opinion evidence. The ALJ must articulate and explain the

23   persuasiveness of an opinion or prior finding based on "supportability" and "consistency," the

1  two most important factors in the evaluation. 20 C.F.R. §§ 404.1520c(a), (b); 416.920c(a), (b).

2  The "more relevant the objective medical evidence and supporting explanations presented" and

3  the "more consistent" with evidence from other sources, the more persuasive a medical opinion

4  or prior finding. *Id*. at (c)(1)-(2). At the least, this appears to necessitate that an ALJ specifically

5  account for the legitimate factors of supportability and consistency in addressing the

6  persuasiveness of a medical opinion. The Court must, moreover, continue to consider whether

7  the ALJ's analysis has the support of substantial evidence. *See* 42 U.S.C. § 405(g) ("findings of

8  the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be

9  conclusive").

10        Plaintiff contends the ALJ erred by rejecting the opinions of three treating providers and

11  an examining doctor.

12              1.     *The ALJ Erred by Discounting the Opinions of Louissa Gordon, PA-C, but*

13                     *Did Not Err by Discounting the Opinions of John Baumeister, D.O.*

14        In May 2018, Ms. Gordon filled out a Physical Functional Evaluation form, opining

15  Plaintiff's cervical spine arthritis/radiculopathy made her unable to sit, stand, lift, carry, push,

16  pull, reach, stoop, or crouch. *Id*. at 1047. Peripheral neuropathy markedly interfered with all

17  exertional and postural activities. *Id*. at 1047. Plaintiff was unable to perform even sedentary

18  work. *Id*. at 1048.

19        In a June 2018 treatment note, Dr. Baumeister wrote Plaintiff was "[u]nable to work due

20  to pain, low functionality, and high liability risk." AR at 1045.

21        The Commissioner contends these were not opinions, but conclusory statements of

22  disability the ALJ was not required to address. (Dkt. # 22 at 10 (citing 20 C.F.R.

23  §§ 404.1520b(c), 416.920b(c)).) The Commissioner is correct with regard to Dr. Baumeister's

statement. However, Ms. Gordon provided medical opinions of Plaintiff's functional abilities.

The form she filled out defined "Sedentary work" as "Able to lift 10 pounds maximum and

frequently[, *i.e.*, 2.5 to 6 hours per day,] lift or carry lightweight articles. Able to walk or stand

only for brief periods." AR at 1048. Directly below this definition, Ms. Gordon checked a box

labeled "Severely limited," defined as "Unable to meet the demands of sedentary work." *Id*. This

opinion was directly connected to Ms. Gordon's opinions that Plaintiff could not sit or lift. *Id.* at

1047. These were medical opinions the ALJ was required to address.

The ALJ found Ms. Gordon's opinions "not … persuasive" because they conflicted with

Plaintiff's "relatively normal" physical examination findings, activities of daily living, and

statements of improvement. AR at 383.

The ALJ cited physical examinations that he characterized as showing largely normal

findings except for reduced back and neck range of motion. AR at 383. This characterization was

not entirely accurate. As Plaintiff notes, the ALJ's cited records also show Plaintiff "[a]mbulates

and transfers with antalgia." *Id.* at 1043. And Ms. Gordon's opinions were accompanied by MRI

reports of cervical cord compression and flattening. *Id.* at 1051. As a medical professional, Ms.

Gordon was better suited than the ALJ to interpret the mix of abnormal and normal findings.

Similarly, the ALJ cited other treatment notes with some abnormal and some normal findings,

but none contradict Ms. Gordon's opinions. *See, e.g.*, *id.* at 717 ("Marked tenderness"), 784

(pain, tenderness). Inconsistency with objective findings was not a valid reason to discount Ms.

Gordon's opinions.

The ALJ cited activities of personal grooming, simple house and pet care and cooking,

short walks, stretching, eating at restaurants, crocheting, and grocery shopping, while

acknowledging "periods of flare[-]ups that could prevent her from performing certain daily

activities." AR at 380. Conflict with a claimant's activities "may justify rejecting a treating

provider's opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). The ALJ failed to

explain, however, how any of these intermittent activities contradict Ms. Gordon's opinion that

Plaintiff could not sustain full-time work. "The Social Security Act does not require that

claimants be utterly incapacitated to be eligible for benefits[.]" *Smolen v. Chater*, 80 F.3d 1273,

1284 n. 7 (9th Cir. 1996). Plaintiff's daily activities were not a valid reason to discount Ms.

Gordon's opinions.

Impairments that can be "controlled effectively" by medication or treatment are not

considered disabling for purposes of determining eligibility for Social Security benefits. *See*

*Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). In April 2017,

Plaintiff reported "improved overall symptomatology related to her cervical spine and upper

extremities." AR at 808. But even this note also included reports of "neck stiffness" and "pain all

over," and later treatment notes indicated a return of cervical symptoms. *See, e.g.*, *id.* at 1178

("tenderness to cervical spine" in March 2018), 1135 ("neck pain" in May 2018). Short-term

improvement does not indicate effective control of symptoms. The ALJ also cited improvements

in issues, such as headaches, that are not relevant to Ms. Gordon's opinions. *See, e.g.*, *id.* at 892,

985. None of this evidence of improvement contradicts Ms. Gordon's opinions. Improvement

was not a valid reason to discount her opinions.

The Court concludes the ALJ erred by discounting Ms. Gordon's opinions.

        2.    *The ALJ Erred by Discounting the Opinions of Raymond Park, M.D.*

In May 2017, Dr. Park filled out a Physical Functional Evaluation, opining Plaintiff's

fibromyalgia markedly interfered with her abilities to perform all exertional, postural, and

communicative work activities. AR at 1054. Dr. Park opined diabetes and neuropathy

moderately interfered with all such activities and that Plaintiff was unable to meet the demands of even sedentary work. *Id.* at 1054-55. In June 2018, Dr. Park filled out a Medical Report, opining Plaintiff would miss at least four days of work per month due to "pain and poor concentration" and was unable to meet the demands of even sedentary work. *Id.* at 1057. These limitations had existed since at least October 2011. *Id.* at 1058.

The ALJ found Dr. Park's opinions "not … persuasive" because they were inconsistent with the same "relatively normal" clinical findings and activities as discussed regarding Ms. Gordon's opinions. AR at 383. Dr. Park was better suited to interpret the mix of abnormal and normal clinical findings than the ALJ. And none of Plaintiff's activities contradicted his opinions. The Court concludes the ALJ erred by discounting Dr. Park's opinions.

   3.  *The ALJ Did Not Err in Assessing the Opinions of Cerise M. Vablais, Ph.D.*

In August 2017, Dr. Vablais examined Plaintiff and opined she was not impaired in basic work activities "based on her mental health conditions." AR at 909. The ALJ found Dr. Vablais' opinions persuasive. *Id.* at 384.

Dr. Vablais also wrote Plaintiff was "diagnosed with several chronic pain and medical conditions, which can exacerbate mental health symptoms. Given these factors, prognosis for her mental health concerns over the next 12 months is guarded as she is experiencing significant mental distress related to her medical concerns[.]" AR at 908. Plaintiff contends the ALJ erred by rejecting this portion of Dr. Vablais' opinions. However, Plaintiff fails to show any error is harmful. That physical conditions "can" exacerbate mental health symptoms does not describe any functional limitations. And even with the mental distress Dr. Vablais opined Plaintiff was

experiencing, she opined Plaintiff was able to perform basic mental work activities. The Court

concludes the ALJ did not harmfully err in assessing Dr. Vablais' opinions.

### C.  The ALJ Did Not Err by Discounting Plaintiff's Testimony

The ALJ discounted Plaintiff's testimony of neck, back, arm, hip, and foot pain because it

was "out of proportion to the objective findings" and inconsistent with her own statements, lack

of treatment compliance, activities of daily living, and work activities. AR at 378, 380.

An ALJ may discount a claimant's testimony based on activities that either contradict her

testimony or that meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625,

639 (9th Cir. 2007). In a Work History Report, Plaintiff stated that from October 2016 to

February 2017 she worked as a nanny 10 hours per day, four days per week. AR at 621-22. This

work activity both contradicted Plaintiff's testimony and showed an ability to work full time.

Plaintiff argues she merely provided "some adult supervision for a school-aged child[.]" (Dkt. #

15 at 16.) But her own report contradicts these arguments. She stated she "prepare[d] lunch and

dinner, … bathed, dressed, changed diapers/pull ups, [went] to park, … cleaned up after child,

[and] cleaned dishes." AR at 622. She walked one to two hours, stood one to two hours, and sat

two to four hours per day. *Id*. Conflict with Plaintiff's work activities was a clear and convincing

reason to discount her testimony.

Even if the ALJ's remaining reasons were erroneous, the error is harmless because

conflict with Plaintiff's work activities was a clear and convincing reason that went to the heart

of the disability determination. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163

(9th Cir. 2008) (inclusion of erroneous reasons to discount claimant's testimony was harmless

because "remaining valid reasons supporting the ALJ's determination are not 'relatively

minor'"). The Court concludes the ALJ did not err by discounting Plaintiff's testimony.

1

     **D.      The ALJ Did Not Err by Discounting the Lay Witness Testimony**

2

     In undated statements, Plaintiff's brother and her former boss described limitations

3
similar to Plaintiff's testimony. AR at 377-78. An ALJ may discount lay witness testimony by

4
giving a germane reason. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017). The ALJ

5
found this lay witness evidence "not so persuasive for the same reasons" he discounted

6
Plaintiff's testimony. AR at 384. Plaintiff's ability to work full-time after her alleged onset date

7
contradicted the statements and thus was a germane reason to discount them. The Court

8
concludes the ALJ did not err by discounting the lay witness statements.

9

                  **V.      CONCLUSION**

10

     For the foregoing reasons, the Commissioner's final decision is REVERSED and this

11
case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. §

12
405(g). On remand, the ALJ should reevaluate Plaintiff's impairments under Listing 1.04A,

13
reconsider Ms. Gordon's and Dr. Park's opinions, reassess the RFC as appropriate, and continue

14
to steps four and five as necessary.

15

     Dated this 19th day of April, 2021.

16

17

18
                  MICHELLE L. PETERSON

19
                  United States Magistrate Judge

20

21

22

23